**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN, | |
| Plaintiff, | Civil No. 19-13260 (RMB/JS) |
| v. | **OPINION** |
| SOMERS POINT POLICE DEPARTMENT, OFFICER SHOOK, OFFICER BRYAN, | |
| Defendants. | |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon Plaintiff Nasir Finnemen's[1] filing of a <u>pro se</u> Complaint [Dkt. No. 1], on May 31, 2019, against the Somers Point Police Department, "Officer Shook," and "Officer Bryan" (collectively, the "Defendants"). Plaintiff's Complaint does not specifically state the basis for federal question jurisdiction, <u>see</u> Compl., at 2, § II.B, however, the facts alleged suggest that Plaintiff attempts to assert a cause of action under 42 U.S.C. § 1983. Along with his Complaint, Plaintiff filed an application for permission to

---

[1] Plaintiff Nasir Finnemen (sometimes spelled "Finneman") is no stranger to this Court. In fact, Plaintiff has initiated no fewer than twenty-one (21) civil lawsuits in this District, with most filed within the last five years. Plaintiff is also a defendant in a pending criminal matter in this District. <u>See</u> U.S.A. v. Finnemen, 19-cr-00409 (NLH).

proceed in forma pauperis ("IFP")[Dkt. No. 1-1]. For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED**, and the Court will order the Clerk of the Court to open this matter and file the Complaint on the docket. However, because Plaintiff is proceeding IFP, the Court is required to screen his Complaint for sua sponte dismissal and finds that it should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## I.    IFP APPLICATION

When a non-prisoner files an IFP Application, seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Upon review, the Court finds that Plaintiff has established that he lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

## II.  LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

Once an IFP Application has been granted, the Court is required to screen the Complaint and dismiss the action <u>sua sponte</u> "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1)  [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive <u>sua sponte</u> screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMS Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21(1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086–87 (3d Cir.1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Id. at 1086. Examples of malicious claims can include those that "duplicate ... allegations of another ...

4

federal lawsuit by the same plaintiff." Pittman v. Moore, 980
F.2d 994, 995 (5th Cir. 1993).

### III. **DISCUSSION**

#### A. *The Complaint*

As alleged in his pro se Complaint, Plaintiff's claims stem
from an incident, on the morning of April 30, 2019, which began
when Plaintiff "flagged down" a police officer on the side of
the road in Somers Point, New Jersey. Plaintiff states that he
used his hands to flag down a patrol vehicle because he needed
to ask a police officer for the location of the Somers Point
Police Station so that he could "file a complaint on how I was
treated in AtlantiCare Regional Medical Center."

In response to Plaintiff's efforts, "Officer Shook" pulled
over in his patrol vehicle and asked for Plaintiff's name.
After running Plaintiff's information through the system, the
officer found that Plaintiff had an outstanding warrant in
Cherry Hill Municipal Court and, apparently, took Plaintiff into
custody. Plaintiff alleges that Officer Shook, and his partner,
"Officer Bryan," abused their authority by "hold[ing] me up for
no reason," which allegedly caused Plaintiff to miss his New
Jersey Transit Bus.

At this point, Plaintiff's allegations become somewhat
indecipherable. However, Plaintiff claims that the officers

abused their authority "to get my photo identification and put handcuffs on me with no legal grounds and have me go through a process when I, Nasir Finnemen, did not commit a crime." Compl., at 3. Plaintiff also seemingly alleges that the officers abused their authority when they told Plaintiff to sit down for a photograph when he was processed at the Somers Point Police Station. Plaintiff states that he was eventually released.

Although it is unclear how these additional facts relate to Plaintiff's claims in this case, Plaintiff also alleges that: (1) he was not allowed to file charges against Blanche Farmer,[2] a New Jersey Transit bus employee, even though Ms. Farmer was allowed to file charges against him; (2) Plaintiff's assigned public defender, Charles Shim, "did a lack of work on the trial date" in Cherry Hill Municipal Court; (3) Plaintiff's assigned pro bono counsel, Ryan Anderson, "did a lack of work on my appeal by not taking his client Nasir Finnemen seriously"; and that (4) "on the trial date Judge Jeffrey S. Karl only [allowed] one video recorded footage into trial," in finding Plaintiff guilty of harassment of Blanche Farmer. See Compl. at 3-4.

---

[2] Although not referenced in the Complaint, Plaintiff previously filed a Complaint in this Court against Blanche Farmer, see Finnemen v. Farmer, Civ. No. 17-1679 (RMB/KMW), which has been dismissed.

**B.  *Analysis***

Upon review, the Court finds that Plaintiff's Complaint
fails to state a claim.  Although not specifically stated in the
Complaint, the Court construes Plaintiff's Complaint as an
attempt to assert a cause of action under 42 U.S.C. § 1983.
Relevantly, to state a claim for relief under § 1983, a
plaintiff must allege the violation of a right secured by the
Constitution or laws of the United States, and that the
constitutional deprivation was caused by a person acting under
color of state law. See West v. Atkins, 487 U.S. 42, 48 (1998);
Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

In his Complaint, Plaintiff concedes that he initiated the
alleged encounter with the police officers on April 30, 2019.
Plaintiff cannot plausibly allege that the police officers
violated his Constitutional rights by asking for his name during
an encounter that he initiated for the purpose of filing a
police report.  Certainly, once the interaction revealed that
Plaintiff had an outstanding warrant, it was objectively
reasonable for the officers to take Plaintiff into custody.  To
the extent Plaintiff contests the fairness of the underlying
proceedings that led to the warrant against him, such a claim is
unrelated to the Defendants named in this suit.

The Court finds that Plaintiff's Complaint fails to allege
a distinguishable cause of action against the Defendants, and

therefore, will be dismissed under the requisite screening standard.

**IV.** **CONCLUSION**

As set forth herein, Plaintiff's application to proceed in forma pauperis will be **GRANTED**. Upon screening, however, Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek to file an amended complaint, remedying the deficiencies outlined above, within twenty-one (21) days of this Opinion and the corresponding Order. Additionally, should Plaintiff feel as though this Court has misconstrued his claims, he should clarify and specifically state his causes of action in an amended complaint. An appropriate Order shall issue on this date.


**DATED:** August 7, 2019


                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE